United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| 20 CAP FUND I, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00074 |
| | § | |
| FIRST FRANKLIN FINANCIAL CORPORATION, ET AL., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before me is a Motion to Dismiss for Lack of Subject-Matter Jurisdiction filed by Defendants Daniel and Diana Giron. *See* Dkt. 18. Having reviewed the motion, the relevant pleadings, and the applicable law, I **RECOMMEND** that the motion be **GRANTED** and this case dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). There are two main types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, a district court can hear and decide any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction allows district courts to entertain cases between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(2). The diversity statute requires "complete diversity" of citizenship, meaning that a district court

cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.  *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff 20 Cap Fund I, LLC ("20 Cap Fund") concedes that federal question jurisdiction is lacking.  The question thus becomes whether there is complete diversity of citizenship.

The rules for determining the citizenship of parties are well settled but vary depending on whether the party is an individual, corporation, limited liability company, or some other form of organization.

> **Individuals**: For purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile.  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).
>
> **Corporations**:  A corporation is a citizen of the state in which it was incorporated <u>and</u> the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").
>
> **Limited Liability Companies**:  The citizenship of a limited liability company is determined by the citizenship of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  When members of a limited liability company are themselves entities or associations, citizenship must be traced through the membership until arriving at an entity that is either a corporation or an individual.  *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

20 Cap Fund is a limited liability company.  To assist me in addressing the jurisdictional issues, I requested that 20 Cap Fund identify the citizenship of its members. 20 Cap Fund did so, noting that it has two members: Corlar, LLC and Stone Bay Holdings, LCC.  Corlar, LLC is comprised of two members: Corey O'Brien (an Illinois citizen); and

Lars Bell (a California citizen). Stone Bay Holdings, LLC is also comprised of two members: Steve Lloyd (a Pennsylvania citizen) and Kerry Faix (a Pennsylvania citizen). Thus, for diversity purposes, the citizenship of 20 Cap Fund is the same as its members: California, Illinois, and Pennsylvania. *See Harvey*, 542 F.3d at 1080.

The defendants are Maxine E Bernal, First Franklin Financial Corp., Daniel Giron, Diana Giron, and David Morris. The Complaint fails to identify the citizenship of the individuals, but does state that First Franklin Financial Corp. "is a corporation organized and incorporated under the laws of California, with its principal place of business in California and is a citizen of California for diversity purposes." Dkt. 1 at 1. This is all the information I need to determine whether diversity jurisdiction exists.

For a district court to have diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side" at the time the complaint was filed. *Harvey*, 542 F.3d at 1079. That is not the case here. On the plaintiffs' side, we have citizens of California, Illinois, and Pennsylvania. On the defense side, there is also a California citizen. Clearly, complete diversity is lacking. I must, therefore, recommend that this case be dismissed because the district court does not have subject matter jurisdiction over the controversy.

## CONCLUSION

This case does not involve a federal question and there is not complete diversity between the parties. As such, I recommend that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Daniel and Diana Giron (Dkt. 18) be **GRANTED** and this case be **DISMISSED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 2nd day of November 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE